MATTER OF SUNOCO ENERGY DEVELOPMENT COMPANY

In Visa Petition Proceedings

A-21604541

*Decided by Regional Commissioner January 9, 1979*

(1) Petitioner sought classification of sixth-preference status for alien beneficiary on the basis of "skilled worker" under section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(6). The petition was accompanied by a labor certification issued on the basis of a job offer for a mining engineer (coal) at the White River Shale Project, Vernal, Utah. The qualifications of the beneficiary as a mining engineer were not contested; however, the alien was not employed at the Vernal, Utah, project but at the petitioner's home office in Dallas, Texas. 20 C.F.R. 656.30(c)(2) qualifies a labor certification as being valid only for the particular job opportunity and for the area of intended employment stated on the application for the labor certification. Since the beneficiary was not employed at the location stated on the application, the certificate was invalid to support the petition for preference status.

(2) Absent a valid labor certification, section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(14), provides for exclusion of preference immigrant aliens described in section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(6).

ON BEHALF OF PETITIONER: Patrick F. McGowan, Esquire
1200 One Main Place
Dallas, Texas 75250

The petition was denied by the District Director, Dallas, Texas, and is now considered on appeal.

The petitioner is a subsidiary of Sun Company, Inc., formerly Sun Oil Company. They are engaged in the exploration and production of new sources of energy.

The petition to classify preference status of alien on basis of profession or occupation was filed by the petitioner to accord the beneficiary sixth-preference classification as a Mining Engineer (coal). The petition was filed on May 15, 1978, and was accompanied by a labor certification issued on May 1, 1978, on the basis of a job offer which he received as a Mining Engineer (coal) at White River Shale Project, 1315 W. Highway 40, Vernal, Utah 84078.

The beneficiary is a 48-year-old male, native and citizen of Wales,

United Kingdom. His qualifications as a Mining Engineer (coal) have not been contested.

The petition was denied by the District Director without prejudice for lack of a valid labor certification.

Section 212(a)(14), in part, requires a finding that there are not sufficient workers available "...at the place where the alien is to perform such skilled or unskilled labor, ...". The petitioner, on appeal, argues that the job description on Form MA-7-50B did not specify that the employee would work exclusively on this project.

20 C.F.R. 656.30(c)(2) states, in part, that a labor "...certification involving a specific job offer is valid only for the particular job opportunity and for the area of intended employment stated on the application for Alien Employment Certification form."

Area of intended employment is limited by definition in 20 C.F.R. 656.50 as "...the area within normal commuting distance of the place (address) of intended employment."

The regulations are clear. The validity of a labor certification is limited to the particular job described in the job offer portion of the labor certification. The beneficiary is not employed in that position nor does he intend to be. The labor certification, therefore, is not valid. The visa petition must be denied.

ORDER: It is ordered that the denial decision of the District Director is affirmed, and the appeal is dismissed.